1  Martin A. Bihn (014338)
Donna M. McDaniel (017366)

2  BIHN & McDANIEL, P.L.C.
2600 N. Central Ave, Suite 1775

3  Phoenix, Arizona  85004
Tel:    (602) 248 9779

4  Fax:    (602) 248 9749
Email:        MBihn@phxlegal.com

5              Donna@phxlegal.com
Attorneys for Plaintiff

6

7                 UNITED STATES DISTRICT COURT
                      DISTRICT OF ARIZONA

8

   Heather Chandler;                          CV:

9
              Plaintiff,                       COMPLAINT

10  vs.

11  Arabia Abner and John Abner, husband
    and wife; Bia's Dog Grooming, LLC, an

12  Arizona Limited Liability Company;
    Petstop School of Dog Grooming, LLC

13
              Defendants.

14

15      Plaintiff Heather Chandler, for her Complaint against Defendants Bia's Dog Grooming,

16  LLC  ("BDG"),  Petstop School of Dog Grooming, LLC ("PSDG") and Arabia and John Abner

17  (all collectively "Defendants"), hereby alleges as follows:

                           **NATURE OF THE CASE**

18
       1.     Plaintiff brings this action against Defendants for their unlawful retention of her

19
    tips in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "FLSA").

20
       2.     This action is brought to recover tips unlawfully retained by Defendants as well

21
    as liquidated damages.

22

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona. Plaintiff was employed by Defendants in this District.

**PARTIES**

5.      At all relevant times to the matters alleged herein, Plaintiff resided in Maricopa County in the District of Arizona.

6.      Defendant RDG is a limited liability company authorized to do business in Arizona.

7.      Defendant PSDG is a limited liability company authorized to do business in Arizona.

8.      Defendants Arabia Abner and John Abner are husband and wife and are Arizona residents.

9.      Defendants Arabia Abner and John Abner are the owners of RDG and PSDG. Defendants Arabia Abner and John Abner are the sole members and are both managers of RDG and PSDG.

10.      Defendants Arabia Abner and John Abner have directly caused events to take place giving rise to this action.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

1    11.    Defendants Arabia Abner and John Abner have been at all relevant times

2 Plaintiff's employer as defined by 29 U.S.C. § 203(d).

3    12.    Defendants RDG and PSDG are an "Enterprise" pursuant to 29 USC § 203(r)(1)

4 because they are a unified operation and are under common control for a common purpose of

5 dog grooming.  RDG and PSDG share a common website and are held out to the public as a

6 single entity known as "Bia's Pet Stop" with two locations. The enterprise, consisting of

7 defendants RDG and PSDG, is referred to as Bia's Pet Stop or "BSP" for the balance of this

8 complaint.

9    13.    The FLSA defines "employer" as any individual who acts directly or indirectly

10 in the interest of an employer in relation to an employee.

11    14.    Defendants Arabia Abner and John Abner had the authority to hire employees

12 for BSP.

13    15.    Defendant BSP was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

14    16.    Defendants Arabia Abner and John Abner hired Plaintiff.

15    17.    Defendants Arabia Abner and John Abner had the authority to fire BSP

16 employees.

17    18.    Defendants Arabia Abner and John Abner fired Plaintiff.

18    19.    Defendants Arabia Abner and John Abner supervised and controlled BSP

19 employees' work schedules and/or the conditions of their employment.

20    20.    Defendants Arabia Abner and John Abner supervised and controlled Plaintiff's

21 work schedules and/or the conditions of Plaintiff's employment.

22

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

1    21.    Defendants Arabia Abner and John Abner determined the rate and method of

2 payment of wages to BSP's employees.

3    22.    Defendants Arabia Abner and John Abner determined the rate and method of

4 payment of wages and remittance of tips to Plaintiff.

5    23.    Defendants Arabia Abner and John Abner maintained employment records in

6 connection with BSP employees' employment.

7    24.    Defendants Arabia Abner and John Abner maintained employment records in

8 connection with Plaintiff's employment.

9    25.    As persons who acted in the interest of the previously identified enterprise of

10 limited liability companies, in relation to the enterprise's employees, Defendants Arabia Abner

11 and John Abner are subject to individual and personal liability under the FLSA.

12    26.    Plaintiff further informed, believes, and thereon alleges that each of the

13 Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as

14 alleged herein.

15    27.    Defendants Arabia and John Abner are sued in both their individual and

16 corporate capacities.

17    28.    Defendants are jointly and severally liable for the injuries and damages

18 sustained by Plaintiff.

19    29.    Plaintiff has been a full-time employee of Defendants from on or around May

20 2017 until on or around February 10, 2019.

21    30.    At all relevant times, Plaintiff was an employee of Defendants as defined by 29

22 U.S.C. § 203(e)(1).

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

1   31.    Plaintiff, in her work for Defendants, was employed by an enterprise engaged

2   in commerce that had annual gross sales of at least $500,000.

3   32.    At all relevant times, Plaintiff, in her work for Defendants, was engaged in

4   interstate commerce and/or regularly handled goods produced and transported in interstate

5   commerce.

6   **FACTS**

7   33.    At all relevant times, Plaintiff was employed by a Defendants as a dog groomer.

8   34.    Plaintiff received tips from customers in excess of $30 of month and was a

9   "tipped employee" pursuant to 29 USC § 203(t).

10  35.    Defendants collected all tips that customers left when they paid credit or debit

11  card.

12  36.    Every two weeks Defendants paid the credit/debit card tips to Plaintiff, with her

13  paycheck, after deducting 10% from the total tip amount owed to Plaintiff.

14  37.    On March 23, 2018, Congress enacted the Consolidated Appropriations Act,

15  2018 (CAA), which revised § 203(m) of the FLSA.  The CAA added a new paragraph to §

16  203(m) stating that "[**a]n employer may not keep tips received by its employees for any**

17  **purposes**, including allowing managers or supervisors to keep any portion of employees' tips,

18  regardless of whether or not the employer takes a tip credit." (See 29 USC section

19  203(m)(2)(B))

20  38.    Since March 23, 2018, Defendants have illegally retained 10% of Plaintiff's tips

21  that customers paid on their credit or debit card.

22

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA  85004
(602) 248-9779

## COUNT ONE
### ILLEGALLY RETAINED TIPS – FLSA – 29 U.S.C. § 206)

39.     Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

40.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

41.     Plaintiff was an employee entitled to receive all of the tips left by customers without any deduction.

42.     Defendants were not entitled to keep any portion of Plaintiff's tips.

43.     Defendants have intentionally retained and/or refused to pay Plaintiff all of the tips to which she was entitled in violation of the provisions of the FLSA.

44.      As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving full compensation in accordance with 29 U.S.C.§ 206.

45.     In addition to the amount of unpaid tips owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

46.     Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

47.     Defendants knew Plaintiff was not being the full of amount of tips she was owed.

48.     Defendants knew their retention of 10% of Plaintiff's tips violated the FLSA.

49.     Defendants have not made a good faith effort to comply with the FLSA.

50.     Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

1    51.    Plaintiff's damages are liquidated and so she is entitled to prejudgment interest

2  from the date of each paycheck containing a 10% shortage of tips and continuing through the

3  date of judgment.

4

5        WHEREFORE, Plaintiff prays:

A.  For the Court to declare and find that the Defendants willfully violated 29 U.S.C.
6        § 206(m)(2)(B) by retaining a portion of Plaintiff's tips;

7  B.  For the Court to award compensatory damages, including liquidated damages
         pursuant to 29 U.S.C. § 216(b), to be determined at trial;

8
   C.  For the Court to award interest on all unpaid tips accruing from the date such
9        amounts were due under all causes of action set forth herein;

10  D.  For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant
         to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

11
   F.  Any other remedies or judgments deemed just and equitable by this Court.
12

13
                              **JURY DEMAND**
14
   Plaintiff hereby demands a trial by jury of all issues so triable.
15

16

17
   Dated this 13th day of February, 2020.
18

19                                     BIHN & McDANIEL, P.L.C.

20                                     /s/ Martin A. Bihn

                                       _____
21                                     Martin A. Bihn
                                       *Attorneys for Plaintiff*
22

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA  85004
(602) 248-9779

7